JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

THOMAS M. O'CONNELL (NYSBN 1801950)
Assistant United States Attorney

  150 Almaden Blvd., Suite 900
  San Jose, California 95113
  Telephone: (408) 535-5053
  FAX: (408) 535-5066
  Thomas.M.OConnell@usdoj.gov

*E-FILED - 3/12/10*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> PAULA LUNA ALVAREZ, <br>   a/k/a PAULA LUNA, <br>   a/k/a PAULA JUAREZ, and <br> CARLOS CONTRERAS DEL CARMEN, <br>   a/k/a CARLOS F. CONTRERAS, <br>   a/k/a CARLOS F. DEL CARMEN, <br>     Defendants. | No. CR 08-00328 - RMW <br><br> STIPULATION AND [] <br> ORDER EXCLUDING TIME <br><br> SAN JOSE VENUE |

    On November 16, 2009, the parties, counsel and Government counsel in this case appeared before the Court for status conference. A joint request was made for a settlement conference. Alternatively, a trial date was requested. The court set, at the defendants' request, March 15, 2010, for trial, March 11, 2010 for pretrial conference, and a motions deadline of February 1, 2010. In addition, the parties requested exclusions of time under the Speedy Trial Act to March 15, 2010.

1    On February 1, 2010, the case appeared on calendar for a motions hearing. The parties did not appear as it was their impression that February 1 bad been set as the *deadline* to file motions, not for hearing. Government counsel happened to be in the courtroom on other cases and so informed the court.

    At that time the court continued the matter to February 22 for hearing on any motions filed. On February 22, argument was heard on the motions, and the Government was granted until March 5 to file supplemental points and authorities on the issue of whether the Government should bear the defendants' costs for the foreign depositions which have been stipulated to. The court again set a March 15 date, this time for argument on the matter of costs and status, and to set a schedule for foreign depositions. Again the parties requested exclusions of time under the Speedy Trial Act to March 15. The Government informed the court that it would supersede by March 10, so that before depositions are scheduled the defendants may assess the new charges and consider them in devising their strategies.

    The defendants have continued their efforts to inspect and copy discovery, however that process has been impeded by, among other things, equipment malfunctions. Moreover, witness unavailability and other issues have made the Government's March 10 date to supersede unrealistic.

    The parties therefore request a continuance March 15, 2010 to April 5, 2010, at 9:00 a.m., in order for counsel to complete the discovery process, further their joint investigative efforts, and be in a position to effectively prepare for depositions and trial. The Government will supersede before the April 5 court date. For purposes of effective assistance and continuity of counsel, the parties therefore agree and stipulate that an exclusion of time from March 15, 2010,

//
//
//
//
//

STIPULATION AND [] ORDER
NO. 08-00328 RMW                                          2

1  //
2  to April 5, 2010,  is appropriate.
3
4  SO STIPULATED:           JOSEPH P. RUSSONIELLO
                            United States Attorney
5
6  DATED: 3/5/2010          _____/s/_____
                            THOMAS M. O'CONNELL
7                           Assistant United States Attorney
8
   DATED: 3/5/2010          _____/s/_____
9                           GEORGE BENETATOS
                            Counsel for DELCARMEN
10
11 DATED: 3/5/2010          _____/s/_____
                            ALEX PARK
12                          Counsel for ALVAREZ
13
14      Accordingly, for good cause shown, the Court HEREBY ORDERS that the case is
15 continued to April 5, 2010, at 9:00 a.m., and that time is excluded under the Speedy Trial Act
16 from March 15, 2010, until April 5, 2010.  The Court finds, based on the aforementioned
17 reasons, that the ends of justice served by granting the requested continuance outweigh the
18 interest of the public and the defendant in a speedy trial.  The failure to grant the requested
19 continuance would deny defense counsel reasonable time necessary for effective preparation,
20 taking into account the exercise of due diligence, and would result in a miscarriage of justice.
21 The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§
22 3161(h)(8)(A) and (B)(iv).
23 SO ORDERED.
24
25 DATED: 3/12/10           _/s/ Ronald M. Whyte_____
                            RONALD M. WHYTE
26                          United States District Judge
27
28