**E-FILED on** 3/17/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PAULA LUNA ALVAREZ,<br>  a/k/a PAULA LUNA,<br>  a/k/a PAULA JUAREZ and<br><br>CARLOS CONTRERAS DEL CARMEN,<br>  a/k/a CARLOS F. CONTRERAS,<br>  a/k/a CARLOS F. DEL CARMEN,<br><br>  Defendants. | No. CR 08-00328 RMW<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEAS<br><br>**[Re Docket No. 114]** |

**I.**

Defendants Paula Luna Alvarez and Carlos Contreras del Carmen seek to set aside their guilty pleas on the basis that a condition of the plea was that the offense to which they pled was not a deportable offense and that they now have determined that the offense is an aggravated felony which subjects them to deportation under 8 U.S.C. § 1101(a)(43)(M)(i) and § 1101(a)(43)(U). The motion is denied.

**II.**

Defendants Alvarez and del Carmen each entered guilty pleas on September 15, 2010 to a single count of conspiring to commit Social Security fraud in violation of 18 U.S.C. § 371 and 42

U.S.C. § 408(a)(7)(B), and they agreed to pay a $50,000 fine. One condition of the plea agreement was that the offenses to which defendants were pleading were not "deportable offenses." Defendants now argue that the offenses may be deportable, and they accordingly seek to withdraw their guilty pleas. Specifically, defendants argue that conspiracy to commit Social Security fraud is deportable as an "aggravated felony": an offense that involves fraud or deceit in which the loss to the victims exceeds $10,000, or the attempt or conspiracy to commit such an offense. See 8 U.S.C. § 1101(a)(43)(M)(i); § 1101(a)(43)(U).

### III.

In determining whether an offense is deportable based on subparagraph (M)(i)'s monetary threshold, a court must consider the "specific circumstances" of the offense. *Nihjawan v. Holder*, 129 S. Ct. 2294 (2009) (finding that defendant's stipulation to causing a loss in excess of $100,000,000 and agreement to pay restitution in the amount of $683,000,000 provided clear and convincing evidence that the conviction involved losses greater than $10,000); *see also Kawashima v. Holder*, 615 F.3d 1043, 1055 (9th Cir. 2010) (defendant's stipulation to "total actual tax loss" of $245,126 provided clear and convincing evidence that the crime constituted an aggravated felony). In this case, the defendants' offense unquestionably involves fraud or deceit. The issue, however, is whether the specific circumstances of defendants' offense would permit a court to conclude that the crimes caused a loss or were intended to cause a loss of more than $10,000. The court finds that the specific circumstances could not support that finding, and therefore denies defendants' motion to withdraw their guilty pleas.

Defendants conspired to supply illegal aliens with false Society Security numbers in order to enable them to work in various restaurants, and they pled guilty to 38 overt acts in connection with the conspiracy. Defendants argue that during deportation proceedings, an immigration judge could consider the fact that at some point in the future, Social Security benefits could theoretically be paid out based on the *contributions* these illegal aliens were making, and that those benefits could have resulted in a loss to the Social Security administration in excess of $10,000. It is also possible, defendants contend, that an immigration judge could consider the $50,000 fine as evidence of the amount of loss. These concerns are not well-founded. The possibility that benefits might decades

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

from now have to be paid to some unknown person as a result of the illegal aliens' Social Security *contributions* is too remote to support a finding that defendants' crime, which apparently had nothing to do with receiving any benefit other than the ability to work, caused any losses to the Social Security administration. In addition, the $50,000 fine is not connected to restitution or to any loss, and thus could not support a finding that defendants' conspiracy was intended to cause a loss of more than $10,000.

Because the specific circumstances of defendants' crime could not support a finding that the loss or intended was greater than $10,000, the court will not set aside or permit defendants to withdraw the pleas entered on September 15, 2010. In so concluding, the court need not reach the question of whether deportation proceedings would be barred by the representations of the United States Attorney's Office before this court. However, it is at least highly improbable that any court, confronted with the record before this court and the government's opposition to this motion, could permit the government to so dramatically change its position on the question of whether defendants pled to a deportable offense. *See, e.g., Garcia-Lopez v. United States*, 334 F.3d 840 (9th Cir. 2003) (state court's determination that a crime should be classified as a misdemeanor and not a felony binding on subsequent immigration proceedings); *Thomas v. INS*, 35 F.3d 1332 (9th Cir. 1994) (INS was bound by cooperation agreement of United States Attorney that included term not to oppose an application for discretionary relief from deportation).

**IV.**

For the foregoing reasons, the court denies defendants' motion to withdraw the guilty pleas entered on September 15, 2010.

DATED:     2/23/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEAS—No. CR 08-00328 RMW
MEC                                                                3