**E-FILED on** 5/10/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>PAULA LUNA ALVAREZ,<br>  a/k/a PAULA LUNA,<br>  a/k/a PAULA JUAREZ and<br><br>CARLOS CONTRERAS DEL CARMEN,<br>  a/k/a CARLOS F. CONTRERAS,<br>  a/k/a CARLOS F. DEL CARMEN,<br><br>   Defendants. | No. CR 08-00328 RMW<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEAS<br><br>**[Re Docket No. 135]** |

United States District Court
For the Northern District of California

**I.**

  Defendants Paula Luna Alvarez and Carlos Contreras del Carmen seek for a second time to set aside their guilty pleas because the pleas were conditioned on the understanding that the offense to which they each pled was not a deportable offense and they now believe it is a deportable offense. On September 15, 2010, defendants entered guilty pleas to a single count of conspiring to commit Social Security fraud in violation of 18 U.S.C. § 371 and 42 U.S.C. § 408(a)(7)(B) and agreed to pay a $50,000 fine. On November 9, 2010, defendants made their first motion to withdraw their pleas on the grounds that conspiracy to commit Social Security fraud is a deportable offense because it is an

1  "aggravated felony": an offense that involves fraud or deceit in which the loss to the victims exceeds
2  $10,000, or the attempt or conspiracy to commit such an offense.  See 8 U.S.C. § 1101(a)(43)(M)(i);
3  § 1101(a)(43)(U).  The court denied that motion on March 17, 2011 and found that the "specific
4  circumstances" of the offense could not support a finding that the crimes caused a loss or were
5  intended to cause a loss of more than $10,000.

6  On March 28, 2011, defendants filed their current motion to withdraw on the basis that the
7  offense involves moral turpitude which subjects them to deportation under 8 U.S.C. §
8  1227(a)(2)(A)(i).  This second motion to withdraw is denied.[1]

**II.**

10  Defendants now argue that their pleas should be set aside because they pled guilty to a crime
11  that involves moral turpitude and, therefore, subjects them to deportation under 8 U.S.C. §
12  1227(a)(2)(A)(i)(I) because the crime was committed within five years after their dates of
13  admission.  Defendants became legal permanent residents in 2001 and 2002 which constitute their
14  admission dates under 8 U.S.C. § 1101(a)(13)A, dates less than five years before the dates of their
15  crimes.

**III.**

17  The Ninth Circuit has held that social security fraud is not a crime involving moral
18  turpitude.  *Beltran-Tirado v. INS*, 213 F.3d 1179 (9th Cir. 2000). "The central question before us is
19  whether Beltran's convictions under 18 U.S.C. § 1546(b)(3) (making false attestation on an
20  employment verification form) and what is now 42 U.S.C. § 408(a)(7)(B) (1988) (using false Social
21  Security number) constitute crimes of 'moral turpitude' within the meaning of 8 U.S.C. §
22  1182(a)(2)(A)". *Id.* at 1183.  In finding that social security fraud did not involve moral turpitude,
23  the Ninth Circuit relied on its belief that Congress did not intend to treat the use of a false social
24  security number to engage in otherwise lawful conduct as involving moral turpitude. As an example
25  of a person whose crime did not involve moral turpitude, the court described an alien who uses a

---

[1] Defendants now also contend that their plea bargain provided that there would be no adverse immigration consequences as a result of the plea agreement.  However, the record before the court is clear that the parties agreed only that the plea agreement would not subject defendants to deportation, not that they would suffer no adverse immigration consequences at all.

United States District Court / For the Northern District of California

false social security number to obtain employment which results in eligibility for social security benefits or the receipt of wage credits. *Id.* at 1183-84. Here, defendants pled to conspiring to agree to submit false employee social security numbers for the otherwise lawful purpose of employing individuals at their restaurants. Admittedly, their conduct was are more extensive and serious than the conduct described in *Beltran-Tirado*. Nonetheless, the statute that defendants violated, 42 U.S.C. § 408(a)(7)(B), is the same as one of the two statutes Beltran-Tirado violated and which the court held did not involve moral turpitude. *See Beltran-Tirado*, 213 F.3d at 1183.

Defendants contend that because the Immigration Court or Board of Immigration Appeals may determine that social security fraud is a crime involving moral turpitude, notwithstanding the Ninth Circuit's holding to the contrary, and the federal courts have no jurisdiction to review such a finding, there is no guarantee that defendants will not be found to have committed a deportable offense. Defendants assert that Immigration and Customs Enforcement ("ICE") could deport them as aliens guilty of a crime involving moral turpitude (8 U.S.C. § 1227(a)(2)(A)(i)(I)) and that judicial review of such a decision would be precluded under 8 U.S.C. § 1252(a)(2)(C). Defendants are correct that if an alien is removed for having committed a crime involving moral turpitude, judicial review is not available. However, defendants overlook subparagraph (D) of 8 U.S.C. § 1252(a)(2) which provides:

> Nothing in subparagraph . . . (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

This subparagraph appears to allow judicial review of whether a defendant's crime was a crime involving moral turpitude. *See Barragan-Lopez v. Mukasey*, 508 F.3d 899, 902 (9th Cir. 2007) ("Whether Barragan-Lopez's prior conviction was for a crime involving moral turpitude is a question of law, which we have jurisdiction to reach."); *Navarro-Lopez*, 503 F.3d 1063 (9th Cir. 2007) ("Whether Navarro-Lopez's conviction is a crime involving moral turpitude is a question of law, which we have jurisdiction to reach."); *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir. 2005) ("We review de novo the question of whether a state statutory crime constitutes a crime involving moral turpitude.").

The court recognizes that the Ninth Circuit's opinion that social security fraud is not a crime involving moral turpitude represents a minority view. *See Lateef v. Department of Homeland Security*, 592 F. 3d 926, 930-31 (8th Cir. 2010); *Serrato-Soto,* 570 F.3d 686, 691-92 (6th Cir. 2009) and *Hyder v. Keisler*, 506 F.3d 388, 392-93 (5th Cir. 2007). However, defendants' suggestion that since they might move to another circuit and be deported seems hypothetical and remote, particularly when their connections are to California. More importantly, under the circumstances of this case, including that ICE had knowledge of these proceedings, the government is bound by the plea agreements it negotiated. *See Thomas v. United States*, 35 F.3d 1332, 1340 (9th Cir. 1994) *but see San Pedro v. United States*, 79 F.3d 1065, 1068 (11th Cir. 1996). It strains credulity to imagine that defendants would be subject to deportation proceedings, contravening the government's adamant position that defendants' offense is not one subjecting them to deportation and existing Ninth Circuit law. No party has suggested that there is any hint of an intent by ICE to seek deportation of the defendants.

**IV.**

For the foregoing reasons, the court denies defendants' motion to withdraw the guilty pleas entered on September 15, 2010.

DATED: 5/10/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEAS
CR 08-00328 RMW
MEC    4